Good morning, Your Honor. My name is Nancy Talner, and I'm representing appellants. I'd like to reserve at least three minutes for rebuttal. There are several issues raised in our briefs, and the Court has also granted the appellant's pro se motion to consider an additional argument regarding a challenge to a sentence. But there's one issue that I want to address today, and that is whether the case should be remanded back to the district court on the sentencing issue because the sentencing occurred before the Booker decision. And under the Ameling case from this Court, the record is not clear enough to do a plain error analysis and conclude that the sentence would be necessarily the same after Booker. There's actually two reasons why I think the Ameling case supports a remand here. The first is that we can't know the district court would do the same thing under the now advisory guidelines after Booker. And the second is that the record is, as in Ameling, ambiguous as to the correct burden of proof. Well, let me just ask you this. This is a mandatory minimum case. Is that correct? Your Honor, it's only a mandatory minimum case if the safety valve provision doesn't apply. Correct. And I think that's a critical issue here is that the safety valve provision is a very special and perhaps unique provision in that it intertwines the statutory provisions with the guideline provisions, and that necessarily calls into question the validity of how to apply the safety valve after Booker since Booker said the guidelines are no longer mandatory. With respect to – there was a case we had in 2005, Cardenas, and I want to put you on the spot because I'm not sure if you cited it or not. But we said that Booker didn't bear on the mandatory minimums. So your argument is that when you have a safety valve that, by its very nature, Booker is implicated. Is that correct? That's correct, Your Honor, because of the intertwining in the safety valve provision of the guidelines and the statutory mandatory minimum. And in fact, the Cardenas case, while it did discuss the safety valve issue, the issue was very different than the one here. In the Cardenas case, the defendant waived his right to appeal in his plea agreement if the judge rejected the safety valve. In that – another important difference in that case was the judge rejected the safety valve based on the credibility of the proffer. That's not the issue here. The issue here is a finding of fact beyond what was admitted in the guilty plea, which was the weapon possession in connection with the offense. And so all the court did in Cardenas was say that because there was – because the defendant had to be held to his waiver of appeal in the plea agreement, that was why there was no basis for arguing that the safety valve implicated Booker. But this case is very different. This case, from the plea agreement itself to the plea transcript to the sentencing hearing and then again on appeal, has consistently – Mr. Christopher consistently preserved exactly the issue and dispute regarding the weapon possession and that being a factor under the safety valve. I think it's – Is your position here that the court can't make this determination or what? No, Your Honor. It's our position under Ameline that the burden of proof is on the government to show why the safety valve doesn't apply, why the fact that would support the enhancement and then it follows that the safety valve wouldn't. Doesn't the guideline itself put the burden of proof on the defendant here? You have to show it's not probable that it was used in connection with the drug. Well, Your Honor, I think that's why it does raise a question under Ameline. I mean, what Ameline said was that in a post-Booker world, the burden of proof for facts that increase the sentence is on the government by a preponderance and that only facts that – where the defendant is trying to – The safety valve reduces the sentence, however. That's correct, Your Honor. The safety valve reduces the sentence, however – Well, why does the government have a burden of proof? There's a reduction that the defendant may assert. Isn't that a burden properly on the defendant? I don't believe it is in this particular case, Your Honor. What the safety valve does, and again it's a unique kind of provision, is that it says if there are certain enhancements under the guidelines present, then the defendant's not eligible for the safety valve. It specifically references three different kinds of enhancements under the guidelines And that's why we say that under Ameline, those are – that preliminary step of finding those enhancement facts, the burden of proof should be on the government. And that's not – it's not clear that that's what the trial court did here, probably because they didn't have the benefit of Booker and Ameline at that time. But I think that's what we – I think Judge Kennedy pointed out, the application note 3 says, the adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. Now, that burden is on the defendant, right, to show that the weapon is not connected with the offense? Your Honor, I think that is what the guidelines said, but I think that guideline is questionable. The burden of proof under that guideline is now questionable under Booker and Ameline. The question – Why is that? Because in order to be – to take someone out of the safety valve – I mean, the safety valve says the defendant shall be sentenced under guidelines unless certain facts are present. And those facts are all – the facts at issue here are enhancements under the guidelines. Would you agree that if the safety valve does not apply, there's no reason for remand? I think that if we – if we knew that the proper fact-finding had occurred in the district court, there was still – there was still no reason for a remand. I mean, if the safety valve does not apply, there's no reason for a remand. Is that correct? Well, I think – I mean, I think – I understand what Your Honor is asking, but I think that that brings us back to Ameline again and whether we can know the judge would impose the same sentence. The judge has no choice. If the safety valve does not apply, it's a mandatory minimum. So what's the point of a remand? Your Honor, I think that after Booker and Ameline, the judge has to make that determination on an extra – You're dodging my question. I'm sorry. I'm presuming the answer to what we're talking about is that we decide or some other panel of this Court decides that the safety valve does not apply in this situation. Now, is there any reason for a remand in that setting? Well, Your Honor, I think that you – that to answer your question, which – and I do have to say I disagree with the presumption. But under that presumption, that if this Court is able to determine there's no reason the safety valve applies, then there wouldn't be a basis for a remand. But I think that under this record, that given that it is an enhancement fact that is the central issue in whether the safety valve applies, that's where the Ameline Well, it's not an enhancement. Every other circuit that has looked at this has indicated that the fact finding is on the Court and that because where there's an interplay between the safety valve and the mandatory minimum, that Booker is not implicated. So you would ask us really to go against all the other circuits. So to understand that, what would be the legal principle that you would have us come out with in order to meet your position? And, Your Honor, I would disagree that all the other circuits are against this. I mean, we have looked at the cases from the other circuits post-Booker addressing the safety valve issue. But my understanding is that predominantly the cases that even discuss the safety valve after Booker have said that it's an open question. And I think that is the basis for our argument, is that the application of the safety valve when you're dealing with extraverdict findings after Booker is an open question. And then I think in this circuit after Ameline, you have two concerns, not just one, and that is the extraverdict finding being a central issue, the central issue as opposed to the safety valve. So you're not answering my question. Maybe I should state your position and you can tell me if I'm right or wrong so I can understand it. Are you saying that in your view the fact-finding should have been done by a judge, I mean by a jury rather than the judge? No, Your Honor. Okay. So the judge can make the sentencing fact-finding, but you're simply saying you think that the burden was upside down and we don't know which burden he applied. I think that's the second problem under Ameline, but I think there's also the threshold Booker and Ameline problem, which is whether you can tell whether the judge properly was improperly making a fact-finding in a mandatory guideline system, which is what Ameline says is the whole issue after Booker. Well, that's a different issue, though. That's what, of course, the main thing that Ameline addressed was he's making a determination under a mandatory system. Does he have to send it back to say what he'd do if it weren't mandatory? That's not the same thing as changing the burden of proof, though. I don't see what that's got to do with that. They are two different issues, Your Honor, and I would certainly agree with that. I think that the problem here is that all of the parties and the judge understood that the way to approach the case was to look at the mandatory guideline on weapon possession and determine that, and then get to what the sentence was necessarily following that, the same kind of mandatory guideline problem that Booker and Ameline addressed. Thank you. Thank you. Good morning, Your Honor. My name is Patricia Lawley, and I represent the United States of America. Counsel? May it please the Court. There are two issues before the Court based on the briefings of both counsel. First, whether David Christopher should be remanded following Booker because he was sentenced in 2004 under a then-mandatory guideline sentencing scheme. And second, whether the Court's determination that the safety valve provision did not apply exposed Mr. Christopher to an enhanced sentence and thereby violate Booker. As to the first issue, the answer is that there is no reason whatsoever to remand for resentencing pursuant to Booker because the outcome of Mr. Christopher's sentencing could not possibly be different. Pursuant to United States v. Dare and United States v. Cardenas, the Ninth Circuit has held that Booker does not bear on mandatory minimum sentences. In the Cardenas case in particular, it involved the denial of a safety valve application. Booker does not have to be remanded. Yeah, but aside from the safety valve, doesn't this have to be remanded simply because of the mandatory regime instead of the advisory regime? No, Your Honor, because in this case, there was no judicial fact-finding that increased the defendant's sentence.  We've got a constitutional problem, but aren't we supposed to remand for nonconstitutional matters as well? Only, Your Honor, if the – if there is plain error. And in this case, there is no plain error. Booker does not apply in this case because here the defendant objects to the factual finding of the sentencing court regarding a reduction to his mandatory sentence and not an enhancement. Well, it seems to me that might – that really is the linchpin question because under Moreno-Herenas, whether it's constitutional or nonconstitutional, if there's any potential Booker error, then we have to send it back. So it seems to me that our challenge is to figure out if there's a Booker error. And, Your Honor, the only possible error would be whether or not the factual findings by the district court as to the ineligibility of the safety valve was in clear error. And in clear error, the district court's findings are not disturbed unless this court finds – But he's following the guidelines as a mandatory matter. Isn't that a basis for a limited remand to see whether he'd come up with a different sentence? Your Honor – It's mandatory as opposed to advisory. That's – But, however, Your Honor, in this case, there can be no different answer. The court is obligated to sentence Mr. Christopher to 120 months, the minimum statutory sentence. There is no reason to disturb the court's fact-finding on the safety valve determination because in this case, it is the defendant who has the burden. The burden of proof when he's attempting to lower his offense level, and that's standard. Isn't that his burden of proof under the sentencing guidelines? That burden of proof, Your Honor, is not only in the sentencing guidelines, but it's in Ninth Circuit case law. Which they got to from the sentencing guidelines, correct? Yes, Your Honor. So now we're back to what I think Mr. Christopher's counsel was saying, is that inevitably when you deal with the safety valve, you're dealing with the sentencing guidelines. So since they're not mandatory anymore, what happens to the safety valve considerations? Ameline, nothing – no case law has told us that the preponderance of evidence, the burden of proof to prove a reduction to your sentence is different post-Booker than pre-Booker. I guess they want this to be the first case. Your Honor, I would suggest that this is not a good case to question the court's factual findings as to the eligibility of the safety valve application because there is no evidence of clear error and because it does not involve an enhancement to Mr. Christopher's sentence. The defendant should simply not be allowed to use Booker or Ameline as a springboard to appeal a sentencing decision that, one, involves the application – involves an imposition of a mandatory minimum sentence and, two, challenges court's refusal to apply a reduction to a sentence rather than to impose an enhancement. Your Honor, the – Let me see if I'm correct on this. If the gun finding is upheld, forgetting right now what the standard might be, then the rest of the factors would go out the window. Is that correct? It's kind of a disqualifier for the safety valve if you have the gun finding in connection with the crime? Yes, Your Honor. Your Honor, there are five requirements, as I'm sure the Court is well aware, to meet the safety valve criteria. We have addressed for purposes – the firearms is one of the criteria that the defendant not possess a firearm in connection to the case. However, there's also a question about the defendant's criminal history points and whether or not that prohibits him from qualifying for the safety valve provision if the judge didn't get there. But if the judge did not get there because of the firearm? The judge said he didn't have to get into that because of the firearm. That is correct, Your Honor. Your Honor, turning for a moment to the defendant's pro se appeal, I'm prepared to answer questions if you have any of that appeal. However, should the Court find that that argument is pivotal to this case, the government seeks an opportunity to respond by brief. It appears there's no questions on the purity issue. Thank you, Your Honor. I'm sorry. Did I misunderstand you? I said it appears there's no questions on the purity issue from the panel right now. Thank you, Your Honor. You used your time, but I'm going to give you a minute for rebuttal. Your Honor, I think from the government's argument, and from some of the Court's questioning, affirms that the way the safety valve works, as it was an issue in this case, it was a question of determining whether the enhancement applied and then everything else happened after that. And this was a case on this record where there was vociferous factual dispute as to whether that fact that was an issue, whether that enhancement that was an issue applied. And certainly the record in the Court shows that there were a number of facts regarding that issue that were disputed. I think that's exactly why this Court can't make the ameline determination where the burden is on the government, to show that necessarily the outcome would be the same. There is plenty of room to think that the outcome might not be the same on an ameline And that is why we're asking the Court to do exactly that, to remand. Thank you.
judges: Cudahy , T.G. Nelson, McKeown